**No. 54286.**—Leroux & Co., Inc. *v.* United States, protest 130018–K (Philadelphia).

Opinion by JOHNSON, J.   At the trial it was stipulated that the quantity subject to the assessment of internal revenue taxes and the quantity withdrawn from warehouse amounted to 14,976.1 proof gallons of brandy rather than 15,677.9 proof gallons.   It was further stipulated that the merchandise and issues are the same in all material respects as those involved in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155).   Following the decision cited the collector was directed to reliquidate the entry and refund all duties taken upon quantities in excess of the quantities upon which internal revenue taxes were finally assessed, and it was held that internal revenue taxes should have been assessed at the appropriate rate upon 14,976.1 gallons, the quantity withdrawn from warehouse.

**No. 54287.**—Geo. Wm. Rueff, Inc. *v.* United States, protest 134594–K/12930 (New Orleans).

Opinion by JOHNSON, J.   At the trial it was agreed that all of the customs regulations, with the exception of the affidavit of short shipment, were complied with.   The evidence established that there was a shortage of 10 bags of alfalfa seed amounting to 1,528 pounds.   On the record presented and following *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), the collector was directed to reliquidate the entry and refund all duties taken upon the 10 bags of alfalfa seed reported by the discharging inspector as short of permit.   The protest was sustained to this extent.

**No. 54288.**—Calvin C. Cowden *v.* United States, protest 154295–K (Galveston).

Opinion by JOHNSON, J.   From an examination of the papers, the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct.   The protest was therefore overruled.

**No. 54289.**—Walco Food Products Corp. *v.* United States, protest 154984–K (New York).

Opinion by JOHNSON, J.   From an examination of the record, the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct.   The protest was therefore overruled.